IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal Action No. 06-110 |
| | : | |
| vs. | : | |
| | : | |
| APRIL TICE | : | |

**DEFENDANT'S SENTENCING MEMORANDUM**

Defendant April Tice, by her attorney, Thomas A. Dreyer, Esquire, hereby respectfully submits a Sentencing Memorandum setting forth all the factors that the Court should consider in determining what type and length of sentence is sufficient, but not greater than necessary, to comply with the statutory directives contained in 18 U.S.C. Section 3553(a).

Mr. Tice is 45 years of age. She cares for two of her four children; one is mentally retarded and the other has been diagnosed with depression and anxiety She herself suffers from numerous mental and physical ailments. She accepted responsibility for her conduct. She is already making restitution for her offenses. A probationary sentence is sufficient but not greater than necessary to comply with the provisions of Section 3553(a).

**Sentencing Under *Booker***

On January 12, 2005, the United States Supreme Court ruled that its Sixth Amendment holdings in Blakely v. Washington, 124 S.Ct. 2531 (2004), and Apprendi v. New Jersey, 530 U.S. 466 (2000), apply to the Federal Sentencing Guidelines ("FSG"). United States v. Booker, 125 S.Ct. 738, 756 (2005). Given the mandatory nature of the FSG, the Court found "no relevant distinction between the sentence imposed pursuant to the Washington statutes in Blakely and the sentences imposed pursuant to the" FSG in the cases before the Court. ID. at

751. Accordingly, it reaffirmed its holding in <u>Apprendi</u> and concluded that:

> [a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.

<u>Id.</u> At 756.

Based on this conclusion, the Supreme Court further found that the provisions of the federal Sentencing Reform Act of 1984 ("SRA") which make the FSG mandatory (18 U.S.C. Section 3553(b)(1)) and which rely upon the mandatory nature of the FSG (18 U.S.C. Section 3742(e)) are incompatible with its Sixth Amendment holding. <u>Booker</u>, 125 S.Ct. at 756. It thus excised those provisions, "mak[ing] the Guidelines effectively advisory." <u>Id.</u> At 757.

> As revised by <u>Booker,</u> the SRA now
>
> requires a sentencing court to consider Guideline ranges, see 18 U.S.C.A. Section 3553(a)(4)(Supp.2004), but it permits the court to tailor the sentence in light of other statutory concerns as well, see Section 3553(a).

<u>Booker</u>, 125 S.Ct. at 757. Therefore, <u>Booker</u> permits sentencing courts to treat the FSG as just one of the several equally important factors outlined in 18 U.S.C. Section 3553(a). See <u>United States v. Jackson</u>, 408 F.3d 301, 304 (6th Cir. 2005) (the FSG range is only "one factor of several laid out in Section 3553(a)" which district courts are required to consider in arriving at a defendant's sentence).

According to the Third Circuit in <u>United States v. Miller</u>, 2005 U.S.App.LEXIS 15604 (3rd Cir. 2005), the net effect of <u>Booker</u> was to delete the mandatory nature of the FSG and transform them to advisory guidelines. See <u>United States v. Roche</u>, 415 F.3d 614, 619 (7th Cir. 2005) (by severing the provisions of the SRA which made the FSG mandatory, the

United States Supreme Court in <u>Booker</u> "demoted the Guidelines from rules to advice").

The primary directive in Section 3553(a) is for sentencing courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2." Section 3553(a)(2) lists these purposes as:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and,
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

This is known as the "Parsimony Provision".

Section 3553(a) further directs sentencing courts to consider the following factors in determining the sentence minimally sufficient to comply with the four Section 3553(a)(2) purposes:

> 1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> 2) the kinds of sentences available;
>
> 3) the kinds of sentence and the sentencing range established by the FSG;
>
> 4) any pertinent policy statement issued by the Sentencing Commission which is in effect on the date that the defendant is sentenced;
>
> 5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and,
>
> 6) the need to provide restitution to any victims of the offense.

18 U.S.C. Section 3553(a)(1) and (a)(3) through (a)(7).

Sentencing courts are given discretion by other statutory provisions as well. Under 18 U.S.C. Section 3582(a), imposition of a term of incarceration is subject to the following limitation: in determining whether and to what extent imprisonment is appropriate based on the Section 3553(a) factors, the judge is required to 'recogniz[e] that imprisonment is *not* an appropriate means of promoting correction and rehabilitation". (Emphasis added.)

Under 18 U.S.C. Section 3661, "*No limitation* shall be placed on the information concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence". (Emphasis added.)

This statutory language clearly overrides the now advisory policy statements contained in Part H of the FSG which list as "not ordinarily relevant" to sentencing numerous factors such as the defendant's age, educational and vocational skills, mental and emotional condition, drugs or alcohol dependence, and lack of guidance as a youth. *See* U.S.S.G. Section 5H1.

According to the directives of Booker and Section 3553(a), sentencing courts may no longer apply the FSG in an uncritical manner. Justice Scalia explains this point well in his dissent from Booker's remedial holding:

> Thus, logic compels the conclusion that the sentencing judge, after considering the recited factors (including the guidelines), has full discretion, as full as what he possessed before the Act was passed, to sentence anywhere within the statutory range. If the majority thought otherwise – if it thought the Guidelines not only had to be 'considered' (as the amputated statute requires) but had generally to be followed – its opinion would surely say so

.
Booker, 125 S.Ct. at 791 (Scalia, J., dissenting in part). Likewise, if the remedial majority

in Booker thought that the FSG had to be given "heavy weight", its opinion would have said so. The remedial majority clearly understood that giving any extra weight to the guideline range violates the Sixth Amendment.

The advisory guidelines range is one of the Section 3553(a) factors and continues to play an integral part in sentencing. United States v. Cooper, 437 F.3d 324, 331 (3rd Cir. 2006) (the FSG remain an essential tool in creating a fair and uniform sentencing regime across the country and provide a natural starting point for the determination of the appropriate level of punishment for criminal conduct).

In conclusion, sentencing courts must now consider all of the Section 3553(a) factors, and not just the FSG, in determining a sentence which is sufficient but not greater than necessary to meet the goals of sentencing.

**Application of the Statutory Sentencing Factors to the Instant Case**

The following factors must be considered in this case in determining what type of sentence is sufficient but not greater than necessary to satisfy the purposes of sentencing:

**1. The Nature and Circumstances of the Offense and the History and Characteristics of The Offender**

    **(A) Nature and Circumstances of the Offense**

Beginning in 1983, Ms. Tice received Supplemental Security Income benefits ("SSI") from the Social Security Administration ("SSA"). She is disabled due to anxiety and depression.

Ms. Tice has four children. Her daughter, Nicole Davis, also receives SSI. She is disabled due to mental retardation. Ms. Tice is the representative payee for Ms. Davis' benefits.

Between September 1999 and December 2004, Ms. Tice doubled-negotiated numerous SSI benefit checks which were forwarded to her in her own name and on behalf of Ms. Davis by the SSA. In each case, she would receive a check; she would call the SSA to report that the check had been lost or stolen; the SSA would send her a replacement check; and she would then cash both the original check and the replacement check. She stole a total of $21,931.90 from the SSA in this fashion ($12,893.90 from her checks and $9,038.00 from Ms. Davis' checks).

On September 5, 2006, a one-count Information charging Ms. Tice with embezzling $21,931.90 from the SSA, an agency and department of the United States, in violation of 18 U.S.C. Section 641 was filed. On November 15, 2006, she pled guilty to Count One.

**(B)   History and Characteristics of Ms. Tice**

Ms Tice is 45. She has been married and divorced three times. She has four children. Melissa Stevens (24) is bipolar and suffers from depression. Jessica Tyer (22) suffers from post-traumatic stress syndrome and depression. Ms. Davis (19) is mentally retarded. Richard Davis (17) has attention deficit hyperactivity disorder. (He was convicted of raping Ms. Davis in December 2005 in Ms. Tice's home; as a result he is a registered sex offender who is forbidden to live there.)

Ms. Tice lives in Section 8 housing in Newark with Ms. Davis, Ms. Stevens and Ms. Stevens' eight-year-old daughter, Christina. By way of a court order from the New Castle County Family Court, she has custody of Christina.

Ms. Tice finished the 10th grade at Wilmington High School in 1978. She

earned a General Equivalency Diploma in 1981.

Ms. Tice was first diagnosed with depression and anxiety when she was 17 years old. She first started to collect SSI benefits when she was 20. According to her psychiatrist, Aydin Z. Bill, M.D., she has had at least 20 psychiatric hospital admissions. She is currently taking Cymbalta for depression and Lorazepam and Buspar for anxiety.

Ms. Tice also has a host of physical problems: diabetes; high blood pressure; acid reflux; asthma, high cholesterol; and spastic colon. She takes medications for each of these conditions. At 5'0" and 280 lbs., she is overweight.

Ms. Tice has never used alcohol or illegal drugs.

On July 29, 2005, Ms. Tice was interviewed by two SSA agents at her home. She confessed her criminal activity to them. She apologized to them and promised that she would not double-negotiate any more checks. She has kept this promise. She also told them that her mother, Jane Ruiz, and her ex-husband, Edward Tice, were likewise embezzling funds from the SSA by double-negotiating their benefit checks.

Ms. Tice pled guilty in this case before Ms. Ruiz and Mr. Tice did the same in their respective cases.

**2. The Need for the Sentence Imposed to Promote Certain Statutory Objectives**

    **(A) To reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense**

Under all the circumstances of this case, a lengthy period of probation reflects the seriousness of Ms. Tice's offense, promotes respect for the law and provides just punishment in that it will keep her under court supervision for a significant time.

**(B) To afford adequate deterrence to criminal conduct**

Since July 29, 2005, Ms. Tice has done everything possible to demonstrate to the Court that she will commit no other crimes. She has not violated her conditions of release in any way. She accepted responsibility for her wrongdoing. She is currently paying restitution to the SSA. It is clear that she has been deterred from further criminal activity.

**(C) To protect the public from further crimes of the defendant**

As noted in the preceding paragraphs, Ms. Tice has taken the requisite steps to demonstrate that she will not commit any further crimes.

**(D) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner**

If given probation, Ms. Tice will be able to continue to receive the same requisite psychiatric treatment from Dr. Bill and the same needed physical treatments from her various medical doctors which she is receiving at the present time.

**3. The Kinds of Sentences Available**

A sentence of imprisonment is available. 18 U.S.C. Section 3581. A sentence of probation is available. 18. U.S.C. Section 3561(c)(1). The imposition of a fine is available. 18 U.S.C. Section 3571.

**4. The Sentencing Range Established by the Sentencing Commission**

The FSG range of imprisonment for Ms. Tice is calculated as follows:

1. A base offense level of six pursuant to U.S.S.G. Section 2B1.1(a)(2).

2. A four-level increase because the amount of the loss was between $10,000.00 and $30,000.00 pursuant to U.S.S.G. Section 2B1.1(b)(1)(C).

      3. A two-level reduction for her acceptance of responsibility pursuant to U.S.S.G. Section 3E1.1.

      4. A total offense level of 8.

      5. Criminal History Category II; two criminal history points.

      6. A range of 4 to 10 months.

In <u>Booker</u>, the Supreme Court excised 18 U.S.C. Section 3553(b), the portion of the federal sentencing statute which made it mandatory for courts to sentence within a particular sentencing guideline range. <u>Booker</u>, 125 S.Ct. at 756. This renders the FSG advisory. <u>Id.</u> The advisory guideline range for imprisonment in this case is therefore 4 to 10 months.

**5. Pertinent Policy Statement**

      There are no pertinent policy statements.

**6. The Need to Avoid Unwarranted Sentencing Disparities**

      There are no unwarranted sentencing disparities in this case.

**7. The Need to Provide Restitution to Any Victims of the Offense**

      Ms. Tice has agreed to pay restitution of $21,931.90 to the SSA and is, in fact, already paying this restitution. For some time now, the SSA has been sending her monthly checks in reduced amounts in order to recoup the money stolen by her.

**Proposed "Statement of Reasons Pursuant to 18 U.S.C. Section 3553©" for Sentence Below Guideline Range**

The sentence departs below the guideline range of the effective guideline range of 4 to 10 months for the following reasons:

1. Ms. Tice is 45 years old and has many serious mental and physical ailments.

2. Two of her four children live with her. Ms. Tyer suffers from depression and anxiety; Ms. Davis is mentally retarded.

3. She has legal custody of Ms. Tyer's 8-year-old daughter.

4. She admitted to her criminal activity when first questioned by SSA agents.

5. She has complied with all the conditions of her pretrial release.

6. She accepted responsibility for his conduct. Of the three people in her family who were involved in similar criminal conduct, she was the first one to plead guilty.

7. She is currently paying restitution to the SSA.

**Conclusion**

The Court may vary from the advisory guideline range of imprisonment of 4 to 10 months based upon the factors set forth in 18 U.S.C. Section 3553(a) as long as the variance is reasonable. United States v. Shannon, 414 F.3d 921, 923 (8th Cir. 2005). Ms. Tice respectfully submits that, under all the circumstances of this case, a sentence of probation is reasonable; that it is sufficient, but not greater than necessary, to comply with these statutory directives; and that it is therefore in conformity with the Parsimony Provision.

Ms. Tice hereby requests a statutory sentence of probation.

**td347370**
Thomas A. Dreyer, Esquire
6 Dickinson Drive
Building 100 – Suite 106
Chadds Ford, PA  19317
610-358-4454
Attorney for Defendant April Tice

Dated:   February 2, 2007

## CERTIFICATE OF SERVICE

Thomas A. Dreyer, Esquire hereby certifies that he served true and correct copies of the foregoing Defendant April Tice's Sentencing Memorandum upon the persons listed below on the date listed below by first class mail, postage prepaid:

Honorable Gregory M. Sleet
United States District Judge
J. Caleb Boggs Federal Building
844 King Street
Wilmington, DE  19801

David L. Hall
Assistant United States Attorney
1007 Orange Street – Suite 700
P.O. Box 2046
Wilmington, DE  19899-2046

Walter P. Matthews, III
Senior U.S. Probation Officer
844 King Street
Lockbox 39
Wilmington, DE  19801-3588

*td347370*
Thomas A. Dreyer, Esquire

Dated:  February 2, 2007